**HUI FANG YOU, Ri Guan Zheng, Petitioners,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, et al., Respondents.**

No. 09–0639–ag.

United States Court of Appeals, Second Circuit.

Nov. 4, 2009.

Robert Duk–Hwan Kim, Yee Ling Poon, New York, NY, for Petitioners.

Tony West, Assistant Attorney General, Carol Federighi, Senior Litigation Counsel, Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioners Hui Fang You and Ri Guan Zheng, natives and citizens of the People's Republic of China, seek review of the January 21, 2009 order of the BIA affirming the March 22, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson that denied their applications for relief under the Convention Against Torture (CAT). *In re Hui Fang You,* Nos. A076 217 400/402 (B.I.A. Jan. 21, 2009), *aff'g* Nos. A076 217 400/402 (Immig. Ct. N.Y. City Mar. 22, 2007). We assume the parties'

familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its decision closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness. *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

 Petitioners argue that the agency erred in denying their claim for CAT relief based on their illegal departure from China. However, it is well-settled that the agency does not err in finding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China." *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005). Nonetheless, Petitioners assert that their submission of a letter from two of their friends who were purportedly beaten by Chinese officials upon repatriation constitutes sufficient particularized evidence so as to render them eligible for CAT relief. This argument is unavailing. Indeed, in *Mu Xiang Lin,* we rejected nearly that exact argument. *See id.* ("Even taking at face value the hearsay allegations that Lin's brother made concerning his own experience of having been beaten in prison, his letter does not indicate that the same fate will befall his sister upon her return."). Accordingly, the agency properly denied Petitioners' claim on this basis. *See id.* (citing *Mu–Xing Wang*

*v. Ashcroft,* 320 F.3d 130, 144 n. 21 (2d Cir.2003)).

 With respect to his own application, Zheng argues that the BIA erred in rejecting as impermissibly speculative his application for CAT relief based on his fear of forced sterilization. However, where a petitioner is not married and does not have children, his fear of forced sterilization based on a hypothetical future violation of the family planning policy is too speculative to warrant relief. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005) (absent solid support in the record for petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best"); *see also Matter of J.F.F.,* 23 I. & N. Dec. 912, 917–18 (A.G.2006) (finding that petitioner's reliance on a string of suppositions in support of his CAT claim was too speculative to warrant relief). Because the agency reasonably determined that Zheng's fear of forced sterilization was impermissibly speculative, and because this determination disposes of his claim, we need not consider his argument that the BIA erred by concluding that sterilization does not constitute torture.

 Petitioners remaining claim of error is similarly without merit. Because Zheng's affidavit was in the record, the BIA's reliance on that evidence in determining that his claim was speculative did not constitute improper factfinding pursuant to 8 C.F.R. § 1003.1(d)(3)(iv). *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296 (2d Cir.2006) (finding no error where BIA bases its decision on facts already in the record).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-

tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).